Jennifer V. Doran, MA BBO #652518                          Hon. Gary Spraker
(*Pro Hac Vice Pending*)
Email: jdoran@hinckleyallen.com
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 378-4128
Counsel for International Forest Products LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) CHAPTER 11 |
| YAK TIMBER INC., | ) |
| | ) Case No. 23-00080 |
| Debtor. | ) |
| | ) |

### RESPONSE OF INTERNATIONAL FOREST PRODUCTS LLC TO EMERGENCY MOTION FOR ADEQUATE PROTECTION AGAINST LOG TRANSFER

NOW COMES International Forest Products LLC ("IFP"), by and through its undersigned counsel, and hereby submits this *Response to Emergency Motion for Adequate Protection Against Log Transfer* (the "Motion") filed by David Spigai ("Mr. Spigai") on May 18, 2023 [Dkt. 18]. The Motion seeks to restrain the removal of certain logs for which Mr. Spigai provided logging services, which services remain unpaid (as represented in the Motion).

IFP objects to the Motion to the extent that it seeks to restrain IFP from taking possession of property that IFP purchased prior to the commencement of this bankruptcy case on May 13, 2023. In support hereof, IFP respectfully represents as follows:

1.      IFP is a Delaware limited liability company headquartered in Massachusetts. IFP engages in a global business of forest products commodities and trading.

63800916 v1

2. Effective January 29, 2022, IFP entered into that certain Purchase and Sale Agreement with the Debtor (the "Agreement"). A copy of the Agreement is attached as Exhibit A.

3. The Agreement has a term of three (3) years. Pursuant to the Agreement, IFP agreed to purchase certain "first quality" Western Hemlock and Sitka Spruce tree logs from the Debtor through.

4. The Debtor issued invoices and "Bills of Sale and Assignment" (the "Bills of Sale") to IFP with respect to the tree logs that IFP purchased from the Debtor that remain at the Debtor's yard (the "IFP Logs"), as follows:

   a. Invoice 2022-016, issued 10/18/22 with Bill of Sale dated 11/21/22;

   b. Invoice 2022-017, issued 12/12/22 with Bill of Sale dated 1212/22;

   c. Invoice 2022-018, issued 12/22/22 with Bill of Sale dated 12/22/22;

   d. Invoice 2023-001, issued 2/21/23 with Bill of Sale dated 2/21/23; and

   e. Invoice 2023-002, issued 3/27/23 with Bill of Sale dated 3/27/23.

Copies of the Bills of Sale are attached as Exhibit B. The Bills of Sale are in the form attached to the Agreement.

5. IFP made the following payments by wire transfer to the Debtor for the IFP Logs:

   a. $148,016.99, paid on 11/22/22 for 142.160 MBF[1];

   b. $47,947.71, paid on 12/13/22 for 44.105 MBF;

   c. $127,801.16, paid on 12/27/22 for 117.460 MBF;

   d. $187,880.18, paid on 2/22/23 for 185.900 MBF; and

   e. $129,142.08, paid on 3/30/23 for 124.045 MBF.

---

[1] MBF is a unit of measurement used in the forestry industry that means 1000 board feet.

63800916 v1

In addition, IFP paid scaling costs on behalf of the Debtor, in the amount of $11,337.64, directly to the Pacific Rim Log Scaling Bureau. The total that IFP paid to the Debtor for the IFP Logs, including the scaling costs, is $652,125.76 (collectively, the "IFP Payments"). Evidence of the wire transfers made to the Debtor is attached as <u>Exhibit C</u>.

6. The IFP Logs remain at the Debtor's premises pending IFP arranging for shipment to the location determined by IFP.

7. In Section 24 of the Agreement, the Debtor warranted that it would convey "unencumbered title" to the logs that IFP purchased pursuant to the Agreement.

8. IFP is a good faith purchaser of the IFP Logs. The Debtor is in the business of selling logs, and IFP purchased the logs in the ordinary course of business in compliance with the terms of the Agreement and for fair value.

9. IFP is unaware of any lien that Mr. Spigai filed against the logs in inventory at the Debtor's yard. An on-line search of the Uniform Commercial Code ("UCC") filings against the Debtor's assets do not reveal a filing by Mr. Spigai. Under applicable Alaska law, both cut timber (movable when a security interest attaches) or standing timber to be cut and removed under a conveyance or contract of sale are considered "goods" under the UCC. *See* AK ST Sec. 45.29.102(a)(53). A security interest in cut timber as a "good" (movable when a security interest attaches) is perfected by filing a financing statement. See AK ST Sec. 45.29.310.

10. Mr. Spigai did not file a financing statement. Further, the Debtor was responsible for paying its business obligations. The IFP Payments were more than sufficient to satisfy the amounts that Mr. Spigai seeks from the Debtor.

11. IFP objects to the relief sought in the Motion because IFP has the right to immediate possession of the IFP Logs which it purchased.

**Conclusion**

WHEREFORE, IFP respectfully requests that the Court: (1) deny the Motion; (2) permit IFP to arrange for shipment of the IFP Logs; and (3) grant all such other and further relief as the Court deems equitable and just.

Respectfully submitted,

INTERNATIONAL FOREST PRODUCTS LLC

By its attorneys,

*/s/ Jennifer V. Doran*
Jennifer V. Doran, *pro hac vice pending*
jdoran@hinckleyallen.com
Hinckley, Allen & Snyder LLP
28 State Street
Boston, Massachusetts 02109
(617) 378-4128 (PHONE)
(617) 345-9020 (FAX)

Dated: May 24, 2023

63800916 v1