Leif A. Thompson, Esq.
Leif Thompson Law Office
Alaska Bar No. 1006041
540 Water Street Suite 301
Ketchikan, Alaska 99901
Alaska Bar No. 1006041
Telephone: (907) 617-9256
Fax: (888) 363-1007
leifthompson@outlook.com
Attorney for David Spigai

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: | Case No. 23-00080 |
| YAK TIMBER INC., | Chapter 11 Bankruptcy |
| Debtor, | DAVID SPIGAI'S MOTION FOR RELIEF FROM STAY |

Pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, David Spigai requests an order dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code.

### Statement of the Facts

David Spigai is a secured creditor of the debtor for work performed as a forester as he prepared standing timber at Humpback Creek near Yakutat Alaska for sale in the fall of 2022. When debtor did not pay Mr. Spigai's bills, he filed timber

Page 1 of 6

liens attaching to timber on the Humpback Creek site that he had worked on. A copy of Mr. Spigai's invoices is included as Exhibit A. A copy of his liens is included as Exhibit B. The logs are worth more than $600,000 as is. Prior to this bankruptcy, Mr. Spigai filed a foreclosure lawsuit to foreclose on these liens in the Alaska District Court at Ketchikan in cause number 1KE-23-82CI. The automatic stay from this case has stayed that case and it currently has no hearings pending. In the lien foreclosure case, the defendants are currently in default for not answering the complaint and summons in a timely manner.

On May 18, 2023, Mr. Spigai filed a motion for adequate protection as he learned that the debtor, though being aware of the liens, had sold his liened logs to a third party, International Forest Products LLC (IFP). On May 25, 2023, the matter came to the Court for a hearing on the motion for adequate protections.

At this hearing, Marvin Adams, the CEO for the debtor Yak Timber Inc. stated that he had already been largely paid for the logs but that there was a twenty percent holdback payment still owed by IFP that would adequately compensate Mr. Spigai for his interest in the logs. Mr. Spigai is owed more than $46,000 and counting for his work plus attorney's fees and court costs in

enforcing his liens. The Court, in commenting on Mr. Spigai's interest, noted that it appears that because the logs were sold and paid for by a third party these logs were not assets of the bankruptcy court and also if there wasn't a twenty percent holdback on the logs that Mr. Spigai could bring another motion.

Since the hearing, Mr. Spigai has been in communication with IFP attorney Jennifer Doran. She has informed that there is no twenty percent holdback under the IFP Yak Timber agreement. She stated that the holdback agreement between IFP and the debtor was contingent on IFP's final sales price for the logs less expenses. She stated that there would be a large holdback if there were more logs, but that one million board feet was only about 20 percent of the log shipping capacity of a log ship, and that if IFP was forced to get logs early that this would cut into the profit margin considerably and dramatically lessen IFP's obligations under the holdback agreement. Ms. Doran estimates that if IFP were forced to move only the logs as is, that there would be barely enough money to pay Mr. Spigai but that IFP would not be bound to guarantee Mr. Spigai's claim.

I.  MR. SPIGAI IS ENTITLED TO AN AUTOMATIC STAY UNDER 11 USC § 362(d)(1) BECAUSE THE DEBTOR HAS NOT GIVEN HIM ADEQUATE PROTECTION OF HIS SECURITY INTEREST.

In this matter, there is not a 20 percent holdback agreement for the logs that would adequately provide security

for Mr. Spigai as Mr. Adams represented. Nor has Mr. Adams stated what the debtor did with the approximately $650,000 that IFP paid to it for the logs. The truth of the matter is that there is no set holdback price by IFP and if it runs into difficulties, poor market conditions or other unknown and unforeseeable factors then it will not compensate Mr. Spigai for his interest. This is not adequate protection.

Mr. Spigai's solution for this is that he should return the matter to his Alaska state foreclosure case, add IFP as a defendant to enforce the lien, and fight for a guarantee of his interest there. In dealing with a third party such as IFP, the trial court must weigh Mr. Spigai's interests against IFP's rights. This is a balancing of Alaska state lien laws that should be adjudicated by the Alaska state court. As noted in previous filings:

> Liens under AS 34.35.230-315 are preferred liens and are prior to other liens. A sale or transfer of timber does not divest a lien on it under AS 34.35.230-315.

AS 34.35.255.

Alaska timber liens can even be enforced against a lumber company that has converted the wood to lumber. AS 34.35.265.

It is unlikely that Mr. Spigai's interest and position with respect to the logs will be fully protected if at all in this bankruptcy proceeding so the court should lift the automatic stay under 11 USC § 362(d)(1), as there is not adequate protection of Mr. Spigai's interest.

II. THE COURT SHOULD LIFT THE AUTOMATIC STAY UNDER 11 USC § 362(d)(2)(A) BECAUSE THE DEBTOR NO LONGER HAS AN INTEREST IN THE LOGS.

In this matter, at the May 25, 2023 hearing, the Court stated that the debtor no longer had an interest in the logs and that the logs were not assets of the Bankruptcy Court. This is a ground to lift the automatic stay because the debtor has no interest in the logs other than holding them securely until IFP removes them from the sort yard. Mr. Spigai's solution for this is to return to state court in his foreclosure lawsuit where his liens can be fully enforced and weighed against the rights of third parties.

## Conclusion

For these reasons, Mr. Spigai requests the Court lift the automatic stay with respect to the timber in the Yak Timber Inc. sort yard and allow Mr. Spigai to continue his suit against the debtor in Alaska cause number 1KE-23-82CI along with all other just, equitable and proper relief.

RESPECTFULLY SUBMITTED,

_____  6/9/23
Leif Thompson
AK Bar no. 1006041
540 Water Street Suite 301
Ketchikan, AK 99901
Attorney for David Spigai