Michael R. Mills, Esq.
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
Telephone:     (907) 276-4557
Facsimile:      (907) 276-4152
Email: mills.mike@dorsey.com

J.B. Evans, *pro hac vice*
DORSEY & WHITNEY LLP
101 South Capitol Boulevard
Boise, ID 83702
Telephone: (208) 617-2528
Facsimile: (208) 545-5343
Email: evans.jb@dorsey.com

Co-Counsel for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 23-00080 GS |
| YAK TIMBER, INC., an Alaska ) | |
| corporation, ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |

## SUPPLEMENT TO COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION

Yak Timber Inc., debtor and debtor-in-possession ("**Debtor**"), by and through its counsel, Dorsey & Whitney LLP, hereby provides updated, supplemental information related to its *Combined Disclosure Statement and Plan of Liquidation Dated as of November 14, 2023* [Dkt. No. 221] (the "**Disclosure Statement and Plan**"). The purpose of the Supplement is to provide additional information to parties-in-interest and the Court

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

4856-1166-7354\1

describing updated events relevant to the Disclosure Statement and Plan since its filing and the lien rights of the Debtor's senior secured creditor, AgWest Farm Credit, PCA ("**AgWest**") in the timber rights. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Combined Plan and Disclosure Statement.

## UPDATED EVENTS

1. *Article 1(F) – Pending Legal Proceedings*. The parties to the Bethel Litigation have agreed to settle the matter as the result of a settlement conference on December 18, 2023 for payment to the Debtor of $260,000. The Debtor will file a motion to approve the Bethel Litigation settlement later today or Monday. Once approved by the Bankruptcy Court and payment is made, the Bethel Litigation will be dismissed with prejudice.

2. *Article 3: Risk Factors - Debtor's Directors and Officers.* The Board of Directors of the Debtor and its parent were removed by order of the Superior Court of Alaska on October 27, 2023. The Debtor's new Board of Directors consists of Amanda Bremner, John Buller, Meda DeWitt (Chair and President), Rose Guildersleeve, Keith Howard, Mary Knutsen (Vice-Chair), Jennethan Kaufman, Violet Sensmeier, and Jay Stevens. The Debtor's Board of Directors appointed Meda Dewitt as President, Mary Knutsen as Vice-President, and Jenneth Kaufman as Secretary and Treasurer.

3. *Article 5(B)*: In response to correspondence by Debtor, Nelson Petroleum has filed a UCC-3 to terminate its ostensible lien on the fuel tank assets held by the Debtor. Thus, all proceeds received from the sale of the fuel tank assets will be available for distribution to creditors under the Plan.

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

4. *Article 5(C)*: It is now estimated that the completion of the liquidation of the Retained Assets will be accomplished in the First Quarter of 2024, and liquidation of the Relief Assets by AgWest will be accomplished in the Second Quarter of 2024. Thus, Article 5(C) should read: "For the purposes of Alaska Local Bankruptcy Rule 3016-3(b), the liquidation shall be deemed concluded on the later of (1) June 30, 2024, or (2) the final date upon which all Relief Assets and Retained Assets have been liquidated."

5. *Article 10(K)*: The Debtor's contact should be Meda DeWitt, chair and president of Yak Timber.

6. *Changes Related to the Liquidation Cooperation Agreement.* As set forth in AgWest's *Submission of AgWest Farm Credit, PCA Re: Debtor's Plan and Disclosure Statement* [Dkt. No. 254], which is incorporated herein by reference in full, the information contained in the exhibits to the Liquidation Cooperation Agreement has changed. In particular, (1) the schedule for the sale of the Relief Assets has been delayed until April 2024, (2) AgWest anticipates all collateral can be hauled in one trip, (3) the tug and barge intend to leave Yakutat for Oregon or Washington by January 8, 2024, (4) the liquidation budget has seen minor, immaterial changes, and (5) AgWest has paid all crew wages.

7. *AgWest retained lien rights in all Estate Assets*. It is not disputed that AgWest has liens against all of the property owned by Debtor. *See* AgWest Proof of Claim No. 18, Exs. F, J (setting forth the basis for and perfection of AgWest's secured interests in the Debtor's assets). AgWest's lien would inure to the benefit of AgWest, not the Debtor or Yak-Tat Kwaan. *See* Proof of Claim No. 18, Exs. J, N (showing that

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

SUPPLEMENT TO COMBINED DISCLOSURE STATEMENT
AND PLAN OF LIQUIDATION
Page 3 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS
4856-1166-7354\1

AgWest's lien applies to the assignment of timber rights). Under the Term Sheet approved by the Bankruptcy Court to resolve the Motion for Relief from Stay filed by AgWest and the Motion for Use of Cash Collateral filed by Debtor, AgWest retained all of its liens but allowed Debtor to liquidate certain assets (Bethel Litigation, fuel tanks and steel building/materials) for the benefit of creditors and subject to AgWest approval. There was a specific condition placed on the timber rights: "not do or cause to be done any logging on these or other timberlands during the pendency of the Chapter 11 or in a Plan" *See* Dkt. No. 188. This is a condition imposed by AgWest on AgWest's collateral. The Debtor cannot take any action to assign or otherwise pursue liquidation of the timber rights.

Beyond the explicit prohibition on Debtor taking any action regarding the timber rights, there was testimony by the AgWest expert during the September 19, 2023, evidentiary hearing that, for a variety of reasons, the assignment of timber rights has no value. The only potential value relates to the possible restriction on logging rights as part of a carbon credit sequestration program. AgWest is pursuing discussions to determine whether there is any value to be obtained from a carbon credit plan related to restrictions on logging. This amplifies why AgWest included the prohibition on logging in the Term Sheet.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

SUPPLEMENT TO COMBINED DISCLOSURE STATEMENT
AND PLAN OF LIQUIDATION
4856-1166-7354\1

Page 4 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS

Dated this 5th day of January, 2024.

/s/ Michael R. Mills
Michael R. Mills

I hereby certify that a copy of the foregoing was served this 5th day of January, 2024 through the ecf filing system, and by email on the following:

Thaddeus Adkins
State of Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994
thad.adkins@alaska.gov

Nathaniel Amdur-Clark
Sonosky, Chambers, Sachse, Miller & Monk
510 L Street, Suite 310
Anchorage, AK 99501
nathaniel@sonosky.net

/s/ Melody Nardin
Melody Nardin

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

SUPPLEMENT TO COMBINED DISCLOSURE STATEMENT
AND PLAN OF LIQUIDATION
Page 5 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS
4856-1166-7354\1