Michael R. Mills, Esq.
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
Telephone:     (907) 276-4557
Facsimile:     (907) 276-4152
Email: mills.mike@dorsey.com

J.B. Evans, *pro hac vice*
DORSEY & WHITNEY LLP
101 South Capitol Boulevard
Boise, ID 83702
Telephone: (208) 617-2528
Facsimile: (208) 545-5343
Email: evans.jb@dorsey.com

Counsel for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| In Re: | ) | |
|---|---|---|
| | ) | Case No. 23-00080 GS |
| YAK TIMBER, INC., an Alaska corporation, | ) | |
| | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| | ) | |

STATUS REPORT

Yak Timber Inc., debtor and debtor-in-possession ("Debtor"), by and through its counsel, Dorsey & Whitney LLP, hereby submits this Status Report in anticipation of the continued hearing on confirmation of the Debtor's Combined Disclosure Statement and Plan ("Plan") scheduled for January 30, 2024 at 1:30 pm AST.

On January 10, 2024, the Court held a hearing on the Debtor's Plan, which was continued to January 30, 2024. There are three primary issues that require resolution in order for the

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

4868-0247-4401\2

Debtor, AgWest Farm Credit, PCA (filed a pleading supporting the Plan) and the "Objecting Creditors": Nel/son Distributing Inc. ("Nel/son"), Ridge Marine, LLC (Ridge Marine"), and Petro49 Inc. ("Petro 49"), to reach agreement on a consensual plan, which is the goal of the Debtor. Counsel for the Debtor has been in communication with AgWest and the Objecting Creditors. The Debtor and AgWest agree to the following approach to resolve the three key disputed areas, and the Objecting Creditors are reviewing these terms, but it is hopeful that there will be a consensual Plan achieved in the next week or two.

1. **Absolute Priority**: The Debtor will amend the Plan to terminate all equity interests as of the Effective Date, and will file dissolution paperwork with the State of Alaska Corporations Division after that occurs. This will eliminate any concern that the current shareholder is retaining any equity interests in the Debtor or its assets post-confirmation. The Effective Date under the Plan will be extend until the later of: (a) the liquidation of the Relief Assets (being liquidated by AgWest with the cooperation of the Debtor); (b) the liquidation of the Retained Assets being liquidated by the Debtor (other than the timber rights and potential carbon credits); (c) the formation of a liquidating trust to hold the Debtor's timber rights and potential carbon credits, if developed; (d) the resolution of all claim disputes; and (e) the completion of all creditor distributions. Once these events occur, there is nothing left for the Debtor's LLC to accomplish and it can be dissolved. The liquidating trust will hold the timber rights (and any potential carbon credit rights and some amount of cash to provide the trustee with the ability to deal with any issues for the trust).

2. **Marshalling**: The Debtor will modify the Plan to preserve Petro 49's marshalling argument that AgWest should apply the proceeds from the sale of collateral, other than the tug, first, so that to the extent those proceeds are sufficient to pay the AgWest claim in

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

STATUS REPORT
4868-0247-4401\2

Page 2 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS

full, remaining proceeds can be paid to Petro 49 on its asserted secured claim. The Debtor will also include a provision in the Plan that IF (i) AgWest is fully paid, and (ii) Petro 49 is fully paid through application of marshalling, THEN (iii) excess funds will be distributed to first satisfy costs incurred by the trustee of the liquidating trust, and then to general unsecured creditors who will be the beneficiaries of the liquidating trust on a pro rata basis until fully paid. If that occurs, any excess will be paid to Yak Tat Kwaan Incorporated ("Kwaan"), based on the ownership that existed as of the Effective Date and prior to dissolution of the Debtor. Given this waterfall, there is no violation of the absolute priority rule.

3. **Timber/Carbon Credits**: It seems clear that AgWest holds a perfected security interest in the timber rights possessed by the Debtor. See the Security Agreement and UCC-1 attached as **Exhibits A and B.** As for the potential carbon credits that may be developed from the timber rights, AgWest asserts that it has a perfected security interest in any carbon credits as "proceeds" of the "now standing timber" or as a "general intangible", pursuant to the terms of AgWest's Security Ag, Deed of Trust and UCC financing statement filed years before the Petition Date. However, it is not clear whether carbon credits are either "proceeds" or "general intangibles", and even if general intangibles, whether the Deed of Trust that grants a security interest in "general intangibles" is properly perfected since the UCC-1 does not include "general intangibles." Thus, there is a risk for both AgWest and the unsecured creditors in determining what rights AgWest does or doesn't possess in the carbon credits that should lead the Objecting Creditors to agree to a resolution.

The carbon credits could even be viewed as securities, but there may also be perfection issues there.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

With the risk involved, and the potential that the carbon credits may or may not ever be developed, the proposal by AgWest and the Debtor is to reserve rights at this time and deal with the controversy in the future if the carbon credits are ever developed. Moreover, even if developed there is a **time** element (portion of the sequestration timeframe the Debtor's 3.5 years of remaining rights under the assignment of timber rights comprises of the total sequestration time) and a **territorial** element (portion of the acreage that Debtor's rights comprise of the total acreage that is sequestered). For this reason as well, reserving rights to the future is warranted. The liquidating trustee would be charged to work out a deal in the future or litigate the issue if needed, should the carbon credits be developed.

4.      **Amended Disclosure Statement/Plan**.  Debtor will work with the parties to come to a resolution in the next week to two weeks and, regardless, will file an Amended Plan along the lines of the approach set forth above (or a resolution approved by AgWest and the Objecting Creditors). The Debtor requests a hearing date on the Amended Plan for mid-March in order to complete the negotiations and notice out the Amended Disclosure Statement/Plan for another vote if the Court deems it necessary.

Respectfully submitted this 29th day of January, 2024.

/s/ Michael R. Mills  
Michael R. Mills

I hereby certify that a copy of the foregoing
was served this 29th day of January, 2024
through the ecf filing system, and by email
on the following:

Thaddeus Adkins
State of Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

STATUS REPORT

Page 4 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS

4868-0247-4401\2

thad.adkins@alaska.gov

Nathaniel Amdur-Clark
Sonosky, Chambers, Sachse, Miller & Monk
510 L Street, Suite 310
Anchorage, AK 99501
nathaniel@sonosky.net


/s/ Melody Nardin
Melody Nardin

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

STATUS REPORT

4868-0247-4401\2

Page 5 of 5
In re YAK Timber, Inc., Case No. 23-00080 GS