Michael R. Mills, Esq.
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
Telephone:     (907) 276-4557
Facsimile:     (907) 276-4152
Email: mills.mike@dorsey.com

J.B. Evans, *pro hac vice*
DORSEY & WHITNEY LLP
101 South Capitol Boulevard
Boise, ID 83702
Telephone: (208) 617-2528
Facsimile: (208) 545-5343
Email: evans.jb@dorsey.com

Co-Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 23-00080 GS |
| YAK TIMBER, INC., an Alaska ) | |
| corporation, ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |

**DEBTOR'S MOTION TO SELL FIVE (5) FUEL TANKS FREE AND CLEAR OF LIENS,**

**CLAIMS, AND INTERESTS UNDER 18 USC SECTION 363(f)**

Yak Timber Inc., debtor and debtor-in-possession ("Debtor"), by and through its co-counsel, Dorsey & Whitney LLP, hereby moves the Court for entry of an order authorizing the sale of five fuel tanks described on **Exhibit A** (the "Fuel Tanks") for a price of $260,000 cash to Delta Western, LLC ("Purchaser"), free and clear of all interests pursuant to 11 U.S.C. §§ 105(a),

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

4884-3269-6206\5

363(b), (f) and (m), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure. In support of this Motion (the "Motion"), Debtor states and represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. On July 18, 2022, Debtor purchased three of the Fuel Tanks from Nel/Son Distributing, Inc. d/b/a Nelson Petroleum ("Nelson," the seller of the "Nelson Tanks") for $471,506.65.[1]

3. On May 11, 2023 (the "Petition Date"), Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Debtor continues operating its business as debtor in possession.

4. The Fuel Tanks are currently located in Yakutat, Alaska.

5. AgWest Farm Credit Services, PCA ("AgWest") holds a senior lien position on all of the assets of Debtor, including the Fuel Tanks.

6. Pursuant to the terms of an approved settlement between Debtor and AgWest that was documented in a *Term Sheet between AgWest, Yak Timber, LLC, and Yak Tat Kwaan, Inc.* dated as of October 2, 2023 [Dkt. No. 188], AgWest granted Debtor the right to retain and sell certain assets (the "Retained Assets"), including the Fuel Tanks, for the purpose of raising

---

[1] Debtor made an initial deposit of $235,753 for the Nelson Tanks, but failed to make the remaining payment of $253,753.65. On April 28, 2023, Nelson recorded a UCC-1 Financing Statement (No. 2023-006864-6) encumbering the Nelson Tanks. After the Petition Date, Nelson filed an unsecured Proof of Claim for $253,753.65. Nelson has filled a UCC-3 termination statement that eliminates any potential lien claim against the Fuel Tanks.

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Motion to Sell Fuel Tanks                                                                 Page 2 of 7
In re YAK Timber, Inc., Case No. 23-00080 GS

sufficient funds to pay administrative, priority, and, if sufficient funds, up to a 10% distribution to general unsecured claims. Retaining the viability of the Debtor's estate was also beneficial to an efficient liquidation of the Relief Assets orchestrated by AgWest with the cooperation of the Debtor.

7. Debtor solicited interest from all potential buyers Debtor could identify by circulating the Request for Bids attached as **Exhibit B** that provided details of the Fuel Tanks and a deadline of February 2, 2023 for an interested party to bid. As of the bidding deadline, a complying bid was received from Purchaser, which is a significant fuel distributor in Alaska with a need for such Fuel Tanks and believed to have the ability to pay the $260,000 cash at closing at the price that was bid.

8. The Request for Bids made clear that any bid accepted and presented to the Bankruptcy Court might be outbid at any time before Bankruptcy Court approval of the sale.

9. Purchaser responded in a timely fashion to the Request for Bids on February 2, 2024 by submitting the letter offer attached as **Exhibit C**.

10. The Fuel Tanks are being sold on an as-is, where-is basis without any representations or warranties of Debtor pursuant to the Bill of Sale attached as **Exhibit D** (the "Bill of Sale").

11. The Fuel Tanks must be picked up by Purchaser in Yakutat where they are located at the cost of Purchaser.

12. If there are any competing bids prior to or at the hearing to approve this Motion, Debtor shall hold an auction at the hearing or some other mechanism approved by the Bankruptcy Court to achieve the best and highest sale price for the benefit of the estate creditors.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

## RELIEF REQUESTED

13.　By this Motion, Debtor seeks the entry of an Order of this Court authorizing the sale of the Fuel Tanks free and clear of all interests pursuant to 11 U.S.C. §§ 363(b), (f) and (m), with interests, if any, attaching to the proceeds of the sale after the deduction of the costs of sale ("Net Sale Proceeds").  Other than any reserved rights of AgWest under the Term Sheet, there are no other liens, claims or interests in the Fuel Tanks.

## APPLICABLE AUTHORITY

14.　The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

15.　In order to approve a sale of a Debtor's assets outside the ordinary course of business, Debtor must show that[2]:

　　a. there is a sufficient business reason for the sale;

　　b. the sale is in the best interest of the estate (i.e. fair and reasonable);

　　c. the assets to be sold have been adequately marketed;

　　d. the sale has been negotiated and proposed in good faith;

　　e. the purchaser is proceeding in good faith; and

　　f. the sale is an arms-length transaction.

16.　Debtor has met all parts of this test, and accordingly, it is respectfully requesting that the Court grant the relief requested in this Motion, thereby authorizing the proposed sale of the Fuel Tanks free and clear of interests.

---

[2] *See In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Slates*, 2012 Bankr. LEXIS 5159, at *31-32 (B.A.P. 9th Cir. Oct. 31, 2012); *In re Hernandez*, 2023 Bankr. LEXIS 2875, at *12 (B.A.P. 9th Cir. Dec. 6, 2023).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Motion to Sell Fuel Tanks　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 7
In re YAK Timber, Inc., Case No. 23-00080 GS

17. The proposed sale of the Fuel Tanks: (a) is on the basis of Debtor's informed and sound business judgment, (b) maximizes the value of the Fuel Tanks, (c) produces a good faith sale thereof, and (d) minimizes costs to the estate.

18. Debtor solicited interest in the Fuel Tanks in the fall of 2023 after the Bankruptcy Court approved the settlement between the Debtor and AgWest. To bring its marketing efforts to a conclusion, the Debtor circulated the Request for Bids to all parties who Debtor believed would have an interest in the Fuel Tanks. Delta Western was the only party making a bid (in fact, Delta had made essentially the same bid last fall but Debtor was not ready to accept the bid without further efforts in the marketplace).

19. Purchaser is an established petroleum distribution company based in Alaska and has the necessary resources for closing the sale and transporting the Fuel Tanks.

20. The purchase price represents a fair and reasonable value for the Fuel Tanks, particularly given the cost of moving the tanks from Yakutat, and the Debtor submits that the proposed sale is an arm's length transaction.

## CONCLUSION

WHEREFORE, Debtor respectfully requests an order allowing a sale free and clear of liens, claims and interests under 18 USC section 363(f) and other justifications, with any lien, claim or interest, to attach to the proceeds, and for such other and further relief as is proper and just.

Dated this 13th day of February, 2024.

/s/ Michael R. Mills
Michael R. Mills

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Motion to Sell Fuel Tanks

Page 5 of 7
In re YAK Timber, Inc., Case No. 23-00080 GS

I hereby certify that a copy of the foregoing was served this 13th day of February, 2024 through the ecf filing system, and by email on the following:

Thaddeus Adkins
State of Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994

Nathaniel Amdur-Clark
Sonosky, Chambers, Sachse, Miller & Monk
510 L Street, Suite 310
Anchorage, AK 99501

Eva R Gardner
Asburn & Mason, P.C.
1227 West 9th Avenue, Suite 200
Anchorage, AK 99501


/s/ Donna Ziolkowski
Donna Ziolkowski

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

Motion to Sell Fuel Tanks

Page 6 of 7
In re YAK Timber, Inc., Case No. 23-00080 GS

**Exhibit A**

**Fuel Tanks**

- 3 – 25,000 Gallon White Fire Guard Horizontal Fuel Tank with platforms and ladders (Tank ID #s: US915, US 916, US917)
- 1 – 6,600 Gallon Fuel Tank.
- 1 – 1,900 Gallon Fuel Tank
- Wayne Branded Commercial Fuel Dispensers with Built-in Card Readers
- Verifone Commander Site Controller for Wayne Dispensers

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557